UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

CHRISTOPHER TERRANOVA,

                Defendant.

NOTICE OF MOTION TO DISMISS

23 Cr. 516 (KAM)

PLEASE TAKE NOTICE that upon the annexed June 28, 2024 Declaration of Vinoo P. Varghese, and the accompanying Memorandum of Law, the undersigned will move this Court at Courtroom 6C South of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York, NY 11201 on a date suitable to the Court for an Order pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure dismissing Counts One through Three of the indictment for lack of federal jurisdiction in that, in the absence of an adequate interstate nexus, the charged acts (mere attempts to violate) are beyond Congress' purview to police pursuant to the authority invested in that body by Article I, Section 8 of the U.S. Constitution, that document's

Commerce Clause, and for such other, further and different relief as this Court may deem just, equitable and proper.

Dated:     June 28, 2024
           New York, NY

                                          Respectfully submitted,

                                          Varghese & Associates, P.C.
                                                /s/
                            By:    Vinoo P. Varghese
                                          2 Wall Street
                                          New York, NY 10005
                                          212.430.6469
                                          info@vargheselaw.com

                                          *Counsel for*
                                          *Mr. Christopher Terranova*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-against-<br><br>CHRISTOPHER TERRANOVA,<br><br>                Defendant. | VINOO P. VARGHESE<br>DECLARATION<br><br>23 Cr. 516 (KAM) |

VINOO P. VARGHESE, an attorney admitted to practice before this Court, declares pursuant to 28 U.S.C. §1746 under penalty of perjury that the foregoing is true and correct:

1.  I am counsel to the defendant, Mr. Christopher Terranova, in the above captioned matter.

2.  I make this Declaration in support of Mr. Terranova's motion for an Order pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure dismissing Counts One through Three of the indictment for lack of federal jurisdiction in that 18 U.S.C. § 2251 (e), which forbids a mere attempt to procure a picture of a minor engaged in sexual activity, is beyond Congress' purview to police pursuant to the U.S. Constitution's Commerce Clause (Art. I, § 8)

3.    Mr. Terranova moves to dismiss because such attempts, even considered in the aggregate, have no effect on interstate commerce, and in the absence of an adequate interstate nexus—are unconstitutional.

4.    Mr. Terranova moves for such other, further and different relief as this Court may deem just, equitable and proper.

5.    On December 13, 2023, the government charged Christopher Terranova in a four-count indictment.

6.    Counts One through Three charge that, in three overlapping time periods spanning from February 2022 to May 2023, he attempted to persuade three separate minors "to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using one or more means and facilities of interstate commerce," in violation of 18 U.S.C. §§ 2251(a),(e), and 2.  Ind. No. 23 Cr. 516, at ¶ 1; Counts 1-3.

Executed:   June 28, 2024
            New York, NY

                                           /s/
                                    Vinoo P. Varghese

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-against-<br><br>CHRISTOPHER TERRANOVA,<br><br>Defendant. | MR. TERRANOVA'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS<br><br>23 Cr. 516 (KAM) |

ARGUMENT

POINT I

BECAUSE MERE ATTEMPTS TO PROCURE PRURIENT PICTURES, EVEN CONSIDERED CUMULATIVELY, HAVE NO EFFECT ON INTERSTATE COMMERCE, 18 U.S.C. § 2251(e) EXCEEDS CONGRESS' COMMERCE CLAUSE POWERS

18 U.S.C. Section 2251(a), criminalizes the sexual exploitation of minors through the creation of child pornography if either the materials used to create the pornography or the final product itself entered the flow of interstate commerce. *See* e.g., United States v. Morales-De Jesús, 372 F.3d 6, 8, 17 (1st Cir. 2004) (finding child pornography produced for personal use to substantially affect interstate commerce and rejecting facial challenge to § 2251(a)).  As pertinent here, Section 2251(e) makes it unlawful for any person *to attempt* to

> persuade[ ], induce[ ], entice[ ], or coerce[ ] any minor to engage in ... any sexually explicit conduct

5

> for the purpose of producing any visual depiction of such conduct ... if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, *if* that visual depiction *was* produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, *or* if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

18 U.S.C. § 2251(a)(emphases added).

Thus, as enacted, Section 2251(a)'s interstate-nexus element contains three independent jurisdictional clauses.  *See* United States v. Moran, 57 F.4th 977, 982 n.5 (11th Cir. 2023) (*citing* United States v. Smith, 459 F.3d 1276, 1289 (11th Cir. 2006)).  While the statute speaks in the disjunctive with respect to its jurisdictional element, the indictment charges Mr. Terranova in the conjunctive.  *See* Ind 1:23-cr-00516-KAM (ECF  1) at 1 (December 13, 2023).

The Government has yet to disclose which particular theory of prosecution it intends to commit to.  Without evidence that Mr. Terranova's attempt(s) produced any visual depictions, or that any visual depictions were actually transmitted through a facility of interstate commerce, it would appear by default that it is on the basis of the first jurisdictional prong that Mr.

Terranova is being prosecuted.  Subsection (e) of the statute provides for the punishment of "[a]ny individual who ... attempts ... to violate" § 2251(a).  18 U.S.C. § 2251(e).  *See* Moran, 57 F.4th at 982 n.5 (of Section 2251(a)'s three independently sufficient interstate-nexus clauses, government relied only on the first in 18 U.S.C. § 2251(e) prosecution).

Moran challenged the sufficiency of the evidence to satisfy § 2251(a)'s interstate-nexus element.  *See* Moran, 57 F.4th at 982.  No court has considered a Commerce Clause challenge to § 2251(e).

In United States v. Holston, 343 F.3d 83, 85 (2d Cir. 2003), where the Government relied solely on the second jurisdictional prong, the Second Circuit upheld § 2251(a) against a challenge that it "was an unconstitutional exercise of Congress' authority under the Commerce Clause." 343 F.3d at 84. Given the Supreme Court's decisions in United States v. Lopez, 514 U.S. 549 (1995) and United States v. Morrison, 529 U.S. 598 (2000) reaffirming that Congress' Commerce Clause authority was <u>not</u> unlimited, Mr. Holston contended that Congress' attempt to reach personal use child pornography that never crossed state lines through § 2251(a)'s materials-in-commerce jurisdictional prong was an "unconstitutional exercise of the Commerce Clause power because the jurisdictional prong is too attenuated from the conduct sought to be regulated." Id. at 84-85. Mr. Holston argued, as well

7

"that, even if facially valid, the statute was unconstitutional as applied to him because his conduct was not commercial and did not implicate interstate commerce because the depictions never crossed state lines." Id. at 85.

The Supreme Court in Lopez identified three broad categories of activity that Congress may regulate under its commerce power: (1) channels of interstate commerce; (2) instrumentalities of interstate commerce, or persons or things in interstate commerce; and (3) activities that "substantially affect" interstate commerce. Id. at 558–59. *See also* Taylor v. United States, 579 U.S. 301, 306 (2016)(reaffirming the categories).

Five years later, elaborating on Lopez, the Supreme Court in Morrison identified four factors to be considered in determining the existence of a "substantial effect" on commerce, whether: (1) the activity addressed is commercial or economic in nature; (2) the statute contains an express jurisdictional element involving interstate activity that might limit its reach; (3) Congress has made specific findings regarding the effects of the prohibited activity on interstate commerce; and (4) the link between the prohibited conduct and a substantial effect on interstate commerce is attenuated. *See* Morrison, 529 U.S. at 610–12.

Concluding that it was at the third Lopez category at which the statute was directed, the Holston panel identified its task as to assess the

8

constitutionality of the materials-in-commerce prong by applying the Morrison factors to determine whether § 2251(a) regulates an activity that "substantially affects" interstate commerce. 343 F.3d at 88. *See also* Taylor 579 U.S. at 306 (quoting Wickard v. Filburn, 317 U.S. 111, 125 (1942)("We have held that activities in this third category—those that "substantially affect" commerce—may be regulated so long as they substantially affect interstate commerce in the aggregate, even if their individual impact on interstate commerce is minimal.")). Concurring with Congress' findings both that there is an extensive commercial market in child pornography and that much of the material that feeds it is produced by amateurs, the Second Circuit found the first factor—whether the activity targeted by the statute is commercial or economic in nature—satisfied. Holston, 343 F.3d at 88.

Here, unlike the completed acts contemplated in Holston, it is a far from foregone conclusion that, in targeting *attempts* to induce a minor to engage in sexually explicit conduct in order to produce a picture of such conduct, that Congress sought to regulate "*obviously* economic activity." Holston, 343 F.3d at 88 (citations omitted). Since attempts cannot be sold or traded, and by definition, bear no fungible fruit, there is no market for them.

Further, unlike unsuccessful Hobbs Act robberies, violations of Section 2251(e) have no predictable effect that Congress can seek to address

9

cumulatively. *See e.g.,* Taylor, 579 U.S. at 304 (in first "attempted" Hobbs Act robbery, Taylor and the others broke into the home, searched it, assaulted both target and his girlfriend and left with jewelry, $40, two cell phones, and a marijuana cigarette, in the second, Taylor and others broke into target's home, held his wife and young children at gunpoint, assaulted wife and made off with only a cell phone).

Whether attempts to induce mere picture taking are "economic in nature" is a much closer call, and the evidence on the second Morrison factor isn't availing. The Holston panel did conclude that the factor, whether the statute contains a jurisdictional element that might limit its application was, "at least superficially met." The Holston panel, however, questioned "whether the mere existence of jurisdictional language purporting to tie criminal conduct to interstate commerce can satisfactorily establish the required 'substantial effect,' where the interstate component underpinning the jurisdictional element occurs entirely locally." 343 F.3d at 88.

The Holston panel assessed not the first but the second jurisdictional prong, and embraced the Third Circuit's observation that "[a]s a practical matter, the limiting jurisdictional factor is almost useless here, since all but the most self-sufficient child pornographers will rely on film, cameras, or

10

chemicals that traveled in interstate commerce." Holston, 343 F.3d at 89 (quoting United States v. Rodia, 194 F.3d 465, 473 (3d Cir.1999).

Since the transmission of virtually all visual depictions in the internet age involves a means or facility of interstate commerce, the same observation—that the "limiting" jurisdictional factor is of essentially limitless reach—holds true of the first prong. Even were this Court to find it, failure on this second factor is not determinative. It *can* be cured by the Court's independent determination that "the statute regulates activities that arise out of or are connected with a commercial transaction, which viewed in the aggregate, substantially affect interstate commerce." Holston, 343 F.3d at 89 (quoting Rancho Viejo, LLC v. Norton, 323 F.3d 1062, 1068 (D.C. Cir. 2003)).

As to the third factor, while it has now been almost 50 years since those findings were made, it still appears that "legislative findings documenting both the existence of an extensive national market in child pornography and that market's reliance on the instrumentalities of interstate commerce" remain accurate. Holston, 343 F.3d at 89.

It is the fourth and final Morrison factor—"whether the relationship between the regulated activity and a substantial effect on interstate commerce is attenuated"—that proves fatal to Section 2251(e). With respect to Section

11

2251(a), Holston had no quibble with Congress' conclusion that there is an extensive interstate market in child pornography, the market's existence depends on a distribution network that relies heavily on the instrumentalities of interstate commerce and, thus, it was beyond debate that "interstate trafficking in child pornography has an effect on interstate commerce that was well within Congress's purview to regulate." Holston, 343 F.3d at 90 (citations omitted).

The Holston panel framed the critical question as whether it was rational for Congress to conclude "that it must reach local, intrastate conduct in order to effectively regulate a national interstate market." Id. And, the panel found that, because much of the child pornography that concerned Congress is homegrown, untraceable, and enters the national market surreptitiously, Congress could, in its attempt to halt interstate trafficking, prohibit local production that feeds the national market and stimulates demand, as this production substantially affects interstate commerce. Id.

It isn't rational, however, for Congress to regulate a failed *attempt* to procure a picture. A single attempt can have no effect on interstate commerce and neither can all attempts considered in the aggregate. Congress' aim to regulate attempts doesn't make the attempts commercial. Congress can crack down on child pornography by restricting the regulation to completed acts.

12

Thus, Section 2251(e) fails the rational basis test. See Gonzales v. Raich, 545 U.S. 1, 17 (2005)(arguing that Wickard permits Congress to regulate intrastate, noncommercial activity as long as it concludes that the failure to regulate that activity threatens its ability to effectively regulate the interstate market in that commodity).

## POINT II

AS APPLIED TO MR. TERRANOVA WHOSE ATTEMPTS TO PROCURE PRURIENT PICTURES WERE *INTRASTATE* AND FOR PURELY PERSONAL NONCOMMERCIAL PURPOSES, SECTION 2251(e) IS UNCONSTITUTIONAL

Because the nexus to interstate commerce is determined not by the simple act for which an individual defendant is convicted but by the class of activities as a whole regulated by the statute, the government need not demonstrate a nexus to interstate commerce in every prosecution. United States v. Ramos, 685 F.3d 120, 134 (2d Cir. 2012); Holston, 343 F.3d at 91; Proyect v. United States, 101 F.3d 11, 14 (2d Cir.1996) (per curiam)).

Nevertheless, to survive constitutional scrutiny, a general regulatory statute must bear a substantial relation to commerce. Because Mr. Terranova's attempts were entirely *intrastate*, were intended to procure pictures for noncommercial reasons, and attempts—by definition—fail to produce any visual depictions, Section 2251(e) fails to bear even the most

tenuous relation to commerce and is unconstitutional as applied to him.

Dated:      June 28, 2024
            New York, NY

                                              Respectfully submitted,

                                              Varghese & Associates, P.C.
                                              /s/
                              By:    Vinoo P. Varghese
                                              2 Wall Street
                                              New York, NY 10005
                                              212.430.6469
                                              info@vargheselaw.com

                                              *Counsel for*
                                              *Mr. Christopher Terranova*

**Table of Authorities**

Gonzales v. Raich, 545 U.S. 1 (2005)

Rancho Viejo, LLC v. Norton, 323 F.3d 1062 (D.C. Cir. 2003)

Taylor v. United States, 579 U.S. 301 (2016)

United States v. Holston, 343 F.3d 83 (2d Cir. 2003)

United States v. Lopez, 514 U.S. 549 (1995)

United States v. Morales-De Jesús, 372 F.3d 6 (1st Cir. 2004)

United States v. Moran, 57 F.4th 977 (11th Cir. 2023)

United States v. Morrison, 529 U.S. 598 (2000)

Proyect v. United States, 101 F.3d 11 (2d Cir.1996)

United States v. Ramos, 685 F.3d 120 (2d Cir. 2012)

United States v. Rodia, 194 F.3d 465 (3d Cir.1999)

United States v. Smith, 459 F.3d 1276 (11th Cir. 2006)

Wickard v. Filburn, 317 U.S. 111 (1942)

18 U.S.C. § 2251(a), (e)